1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KESHAN BRANCH,                          No.  2:14-cv-2363-EFB P

12                   Plaintiff,

13        v.                                 ORDER GRANTING IFP AND DISMISSING
                                             COMPLAINT WITH LEAVE TO AMEND
14   VACAVILLE POLICE DEPARTMENT,            PURSUANT TO 28 U.S.C. § 1915A

15                   Defendant.

16

17        Plaintiff is a former state prisoner proceeding without counsel in an action brought under

18   42 U.S.C. § 1983.[1]  He seeks leave to proceed in forma pauperis.  That request is granted, as it

19   makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20        However, that does not end the inquiry.  Federal courts must engage in a preliminary

21   screening of cases in which prisoners seek redress from a governmental entity or officer or

22   employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

23   claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous,

24   malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief

25   from a defendant who is immune from such relief."  *Id.* § 1915A(b).

26   /////

27   ───────────────

28   [1] While still confined to state prison, plaintiff requested a court order allowing him to
     make phone calls.  ECF No. 9.  Given plaintiff's release from custody, that request is now moot.

1    **I.    Screening Standards**

2        A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

3    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

4    plain statement of the claim showing that the pleader is entitled to relief, in order to give the

5    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

6    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

7    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

8    its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

9    U.S. 662, 679 (2009).

10        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

11   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

12   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

13   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

14   678.

15        Furthermore, a claim upon which the court can grant relief must have facial plausibility.

16   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

17   content that allows the court to draw the reasonable inference that the defendant is liable for the

18   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

19   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

20   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

21   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

22   **II.    Screening Order**

23        The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds

24   that it must be dismissed with leave to amend.  Plaintiff names the Vacaville Police Department

25   as the defendant.  He claims that he was bitten so badly by a police dog during the course of his

26   arrest that he was taken to the hospital for surgery.  He claims he was falsely imprisoned in the

27   hospital for several days, where he was handcuffed to the bed and under the supervision of a

28   police officer.  He also claims that he was not arraigned until almost a week after he was released

from the hospital, in violation of his right to due process.  As explained below, plaintiff fails to state a claim against the Vacaville Police Department.  To proceed, plaintiff must file an amended complaint.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).   An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Instead, he must identify the particular person or persons who violated his rights.  He must also plead facts showing how that particular person was involved in the alleged violation.

A municipal entity or its departments is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom.  *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).  Here, plaintiff fails to state a claim against the Vacaville Police Department because he has not sufficiently alleged that he was injured as a result of employees acting pursuant to any policy or custom .  Local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior.  *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

It is unclear whether plaintiff will be able to state a due process of false imprisonment claim arising from his arrest and subsequent arraignment.  Those claims may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  If plaintiff seeks to challenge the constitutionality of a conviction or the fact of his confinement, he may not do so in this action unless he demonstrates

1    that the conviction or sentence has been invalidated.  In *Heck v. Humphrey*, 512 U.S. 477 (1994),

2    the United States Supreme Court held that a suit for damages on a civil rights claim concerning an

3    allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that

4    the conviction or sentence has been reversed on direct appeal, expunged by executive order,

5    declared invalid by a state tribunal authorized to make such determination, or called into question

6    by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at

7    486.  Under *Heck*, the court is required to determine whether a judgment in plaintiff's favor in

8    this case would necessarily invalidate his conviction or sentence.  *Id.*  If plaintiff is claiming that

9    his federal constitutional rights were violated and as a result he was convicted and incarcerated,

10    plaintiff may not recover damages in this action unless he can prove that his conviction has been

11    reversed.

12          Lastly, plaintiff fails to properly allege a state tort claim because the complaint does not

13    allege compliance with the California Torts Claims Act (Government Claims Act or "GCA"),

14    which requires that a party seeking to recover money damages from a public entity or its

15    employees submit a claim to the entity *before* filing suit in court, generally no later than six

16    months after the cause of action accrues.  Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis

17    added).  Timely claim presentation is not merely a procedural requirement of the GCA but is an

18    element of a plaintiff's cause of action.  *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209

19    (2007).  Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege

20    compliance with the claim presentation procedure, or circumstances excusing such compliance, in

21    his complaint.  *Id.*  The requirement that a plaintiff asserting claims subject to the GCA must

22    affirmatively allege compliance with the claims filing requirement applies in federal court as

23    well.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).  Thus, any

24    purported state law claims must be dismissed with leave to amend for failure to allege compliance

25    with the GCA.

26          Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

27    cognizable legal theory against a proper defendant and sufficient facts in support of that

28    cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

1  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

2  their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

3  shall clearly set forth the claims and allegations against each defendant.

4  Any amended complaint must not exceed the scope of this order and may not add new,

5  unrelated claims.  Further, any amended complaint must cure the deficiencies identified above

6  and also adhere to the following requirements:

7  Any amended complaint must identify as a defendant only persons who personally

8  participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

9  *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

10 constitutional right if he does an act, participates in another's act or omits to perform an act he is

11 legally required to do that causes the alleged deprivation).   It must also contain a caption

12 including the names of all defendants. Fed. R. Civ. P. 10(a).

13 Any amended complaint must be written or typed so that it so that it is complete in itself

14 without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

15 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

16 earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

17 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

18 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

19 1967)).

20 Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil

21 Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

22 *See* Local Rule 110.

23 **III.    Summary of Order**

24 Accordingly, IT IS HEREBY ORDERED that:

25 1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

26 2.  Plaintiff's request for court-ordered access to a phone (ECF No. 9) is denied as moot.

27 3.  The complaint is dismissed with leave to amend within 30 days.  The amended

28 complaint must bear the docket number assigned to this case and be titled "First

1      Amended Complaint." Failure to comply with this order will result in this action

2      being dismissed for failure to state a claim. If plaintiff files an amended complaint

3      stating a cognizable claim the court will proceed with service of process by the United

4      States Marshal.

5   Dated:  September 10, 2015.

        EDMUND F. BRENNAN
        UNITED STATES MAGISTRATE JUDGE

6